## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DOUGLAS LABONTE, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT BOSCH TOOL CORPORATION, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Douglas Labonte ("Plaintiff"), by the undersigned attorneys, as and for his Complaint alleges as follows:

### PARTIES

1. Plaintiff Douglas Labonte is a citizen and resident of Massachusetts who resides in Salem, MA.

2. Defendant Robert Bosch Tool Corporation (hereinafter "Bosch") was and is an Illinois corporation with its principal place of business in Cook County, Illinois. Bosch may be served with process by serving its registered agent for service of process, Corporation Service Company, at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that it is an action between citizens of different states and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over the Defendants because Plaintiff's claims arise from the Defendant's:

   a. transacting business in the Commonwealth of Massachusetts;

    b.      contracting to supply services or things in the Commonwealth of Massachusetts;

    c.      causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or

    d.      causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts.

5.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) in that all the defendants reside in this District, as that term is defined in § 1391(c) and pursuant to § 1391(a)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS COMMON TO ALL COUNTS

6.    This suit arises out of the serious and permanent personal injuries suffered by Plaintiff due to the wrongful conduct of Defendant in designing, manufacturing, distributing and selling a Bosch 4100 table saw (the "Bosch Saw").

7.    For many years other technology has been available that would have eliminated or reduced Plaintiff's injury. Such technology, known as SawStop, stops the spinning saw blade almost instantly upon contact with human skin.

8.    In or around December 2001, Bosch and Power Tool Institute ("PTI") were made aware of flesh-sensing technology that stops a spinning table saw blade almost instantly upon contact with human skin. In or around December 2001, Stephen Gass, the inventor of the SawStop technology, offered to make the technology available through a licensing agreement.

Bosch chose not to utilize this technology and instead joined with other table saw manufacturers through PTI to form a joint venture, ostensibly to develop their own flesh detection and breaking technology. Bosch, however, have continued to sell table saws without this available technology. Bosch, acting through PTI, also actively lobbied the Consumer Product Safety Commission ("CPSC") to prevent the adoption of flesh detection systems as a safety standard on table saws. The flesh detection technology was feasible for incorporation into the Bosch Saw.

9. Bosch, and other table saw manufacturers, failed to pursue a license of the available SawStop technology or to incorporate similar technology into the Bosch Saw. As a result, the Bosch Saw had no flesh-detecting technology or other similar technology that would stop a spinning saw blade upon contact with human skin. Because it lacked such technology, the Bosch Saw was unreasonably dangerous as designed and manufactured.

10. On or about December 23, 2015, while using the Bosch Saw in the reasonable, foreseeable and intended manner, Plaintiff suffered severe and permanent personal injuries causes by contact between his fingers and the saw's rotating blade. At the time of his injury, Plaintiff was acting reasonably and was exercising all due care for his own safety.

## COUNT I

### NEGLIGENCE

11. Plaintiff re-alleges the consistent allegations in Paragraphs 1 through 10 and incorporates them herein by reference.

12. Bosch had a duty to exercise reasonable care in the design, manufacture, marketing, testing, approval, application for approval, inspection, sale and distribution of the Bosch Saw into the stream of commerce. Bosch failed to exercise ordinary care in the design, manufacture, marketing, testing, inspection, sale and/or distribution of the Bosch Saw into

interstate commerce and thus Bosch was negligent in all of these areas. As a result of the negligence of Bosch, the Bosch Saw was unreasonably dangerous for its ordinary and foreseeable use at the time it left the possession of Bosch.

13. Bosch's negligence was a proximate cause of Plaintiff's injury and of his resulting physical pain, mental anguish, physical disfigurement, physical impairment, medical care and treatment, lost wages and loss of his ability to engage in usual and normal activities.

## COUNT II

## BREACH OF IMPLIED WARRANTY

14. Plaintiff re-alleges the consistent allegations in Paragraphs 1 through 10 and incorporates them herein by reference.

15. Bosch impliedly warranted pursuant to Mass. Gen. Law c. 106, §2-314 to Plaintiff that the Bosch Saw and its component parts were merchantable, safe and fit for ordinary purposes. Bosch is and was a merchant with respect to goods of the kind involved in the accident. The product, component parts of the product and the product warnings and instructions were defective, and therefore the product was not, in fact, merchantable, safe and fit as warranted by Bosch. Bosch therefore breached these warranties to the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Bosch be cited to appear and answer, that the Court set this case for jury trial, that judgment be entered against Bosch for the damages set forth herein as well as pre-judgment and post-judgment interest and costs of suit and that the Court grant Plaintiff such other and further relief to which he may be justly entitled.

**THE PLAINTIFF CLAIMS TRIAL BY JURY**

Dated: December 10, 2018

                          Respectfully submitted,

                          **SULLIVAN & SULLIVAN, LLP**

                          /s/Richard J. Sullivan
                          Richard J. Sullivan, BBO#554085
                          Ernest J. Palazzolo, Jr., BBO#637443
                          83 Walnut Street
                          Wellesley, Massachusetts 02481
                          Ph: 781-263-9400
                          rsullivan@sullivanllp.com
                          epalazzolo@sullivanllp.com

                          *Attorneys for Plaintiff*


Pro hac vice admission to be sought for:

**HEYGOOD, ORR & PEARSON**
Eric D. Pearson
6363 North State Highway 161, Suite 450
Irving, Texas 75038
214-237-9001
Toll free 877-446-9001
214-237-9002 (fax)